UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

CHANDRA HUNTER,

    Plaintiff,

v.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHANDRA HUNTER, by and through her undersigned counsel, sues the Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MS. HUNTER under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008 ("ADA") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or "FCRA"), to redress injuries done to her by the Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## **PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4. At the relevant time, Plaintiff was a disabled woman, and, as such, Plaintiff is a member of a protected class under the ADA and Chapter 760 because the terms, conditions, and privileges of her employment were altered because of her disability.

5. Defendant is a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA and FCRA.

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on July 22, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff began her employment as a Broward County School employee in September 2017. The Defendant hired Plaintiff as a teacher at Martin Luther King Montessori Academy in August 2018.

12. As a teacher, Plaintiff's primary duties and responsibilities included teaching students.

13. Plaintiff was qualified for her position as a teacher based on her experience and training.

14. The Plaintiff was under the direct supervision of Ms. Mitschua Moreau, Principal. Shortly after the Defendant hired the Plaintiff, she disclosed her disability on her new hire paperwork. The Plaintiff had a panic and anxiety disorder since she was a teenager.

15. As soon as the Plaintiff began working at Martin Luther King Montessori Academy, the Plaintiff became the target of ongoing discrimination based on her disability. Ms. Moreau and her staff, usually a total of five people, came into the Plaintiff's classroom several times per day to "observe." This was very disruptive and exacerbated the Plaintiff's disability. Ms. Moreau would make comments and look for things to nitpick. The Plaintiff asked her if she was doing something wrong and explained how the walkthroughs were disruptive. Ms. Moreau claimed she did them to "support" the Plaintiff. The Defendant did not visit any other teacher's classroom on a daily basis, let alone several times per day. Despite Ms. Moreau's "explanation," Ms. Moreau did not provide any professional growth support or instruction to the Plaintiff.

16. Ms. Moreau specifically targeted the Plaintiff by visiting her classroom on a daily basis outside of normal observational guidance and district approved walkthroughs. Normally,

observations occur once per year and walkthroughs occur a few times per year. Ms. Moreau also placed proctors only in the Plaintiff's class when students took tests.

17. In the Plaintiff's second year at Martin Luther King Montessori Academy, Ms. Moreau continued to visit the Plaintiff's classroom multiple times per day despite the fact that her students from the prior year received the best FSA scores of all of the 3rd grade classes. The Plaintiff told Ms. Moreau that her visits disrupted the learning environment. The Plaintiff also told Ms. Moreau that the disruptions exacerbated her disability. By September 2019, Ms. Moreau's visits to the Plaintiff's classroom doubled.

18. On November 16, 2019, Ms. Moreau selected the Plaintiff's classroom as "one of the most aesthetically pleasing" for a large cadre visit that included principals from several schools. Because of the daily visits, when this large contingent entered the Plaintiff's classroom, this triggered the Plaintiff's disability, and she had a panic attack in front of everyone. Ms. Moreau instructed Mr. Sameem, behavioral specialist, to tell the Plaintiff that the cadre would return in an hour.

19. In November 2019, the Plaintiff called the teachers' union to report Ms. Moreau's harassing and discriminatory behavior. The Plaintiff explained to the union how Ms. Moreau would constantly monitor the Plaintiff outside of the normal scope, how she would address the Plaintiff as "little girl" in front of others, how she would speak to the Plaintiff in a condescending tone, referring to her as "honey," "sweetie," "sweetheart," "dear," and "darling." The Plaintiff requested that Ms. Moreau stop referring to her by these names, but Ms. Moreau persisted. The Plaintiff also told the union how Ms. Moreau was attempting to transfer her to another grade without any merit, spreading rumors that her students were cheating on their tests, and sending proctors into the Plaintiff's classroom to watch her students take their exams.

20. During the grievance process, the Plaintiff completed a request for accommodations form requesting that Ms. Moreau not enter her classroom outside of times permitted by district policy. Defendant did not take any action to accommodate Plaintiff.

21. In January 2020, the Plaintiff dropped the grievances because she was pressured to do so by several coworkers and she had been shunned. Ms. Moreau enlisted a teacher to discourage people from supporting the Plaintiff's grievances.

22. In March 2020, the Plaintiff moved to virtual learning due to the Covid-19 pandemic.

23. In June 2020, the Plaintiff was the only teacher in the entire school who maintained 100% online class participation during the fourth quarter. Administration praised the Plaintiff and asked the Plaintiff to share tips with her colleagues.

24. In August 2020, on the third day of instruction of the new school year, Ms. Moreau and her entire coaching staff sat in on the Plaintiff's online classroom for the entire day. Ms. Moreau exacerbated the Plaintiff's disability by messaging and calling the Plaintiff constantly while she was in the middle of instructing her students.

25. On August 24, 2020, the Plaintiff reached out to Ms. Moreau's boss, Angela Fulton, Cadre Director, and asked her for a transfer out of the school due to the discrimination by Ms. Moreau. She put the Plaintiff in contact with Freda Broderick to request a medical hardship transfer. The Plaintiff explained to Ms. Broderick that her health was at stake and that she needed a transfer due to the discrimination by Ms. Moreau. She advised the Plaintiff to request the transfer and that she would follow up with the Plaintiff.

26. On August 26, 2020, the Plaintiff electronically filed a request for a transfer. That same day, the Plaintiff also called the EEO office and filed a complaint for discrimination.

27. On August 28, 2020, the Plaintiff sent an email to Ms. Broderick to check on the status of her transfer request.

28. On August 31, 2020, Ms. Moreau sent the Plaintiff a letter stating that she could choose whether to resign or be terminated. Ms. Moreau did not provide any explanation. The Plaintiff emailed Ms. Moreau back and asked why she was being released. Ms. Moreau responded that the Plaintiff could call her. Since then, the Plaintiff emailed Human Resources, Talent and Acquisitions, the head of Human Resources, and the Head of Employee Relations in order to obtain an explanation for her termination, but no one has provided an explanation for the Plaintiff's release. Ms. Moreau gave the Plaintiff until September 3, 2020, to resign or be terminated. The Plaintiff did not resign and was terminated on September 15, 2020. The Defendant terminated the Plaintiff strictly due to her disability and in retaliation for Plaintiff having complained of the discrimination.

29. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")**
**(Discrimination on the Basis of Disability)**

30. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

31. The ADA forbids discrimination based on disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

32. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of a protected class.

33. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

34. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

35. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

36. Plaintiff was qualified for the position.

37. Defendant is a large institution, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

38. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

39. The Defendant's failure to stop Ms. Moreau from entering the Plaintiff's classroom outside of times permitted by district policy, thus denying her request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

40. Because the Plaintiff had a disability, Defendant, through its employees discriminated against the Plaintiff.

41. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate the Plaintiff, inter alia Plaintiff's disability.

42. Upon information and belief, the Defendant does not harass and micromanage non-disabled employees.

43. As a result of Defendant's violation, Plaintiff has suffered damages.

44. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

45. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here, and says:

46. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

47. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

48. At all relevant and material times, Defendant failed to comply with the FCRA.

49. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

50. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

51. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her disability in violation of the FCRA.

53. The Defendant's failure to stop Ms. Moreau from entering the Plaintiff's classroom outside of times permitted by district policy, thus denying her request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

54. Because the Plaintiff had a disability, Defendant, through its employees, discriminated against the Plaintiff.

55. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate the Plaintiff, inter alia Plaintiff's disability.

56. Upon information and belief, the Defendant does not harass and micromanage non-disabled employees.

57. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her disability. Harassment on the basis of disability constitutes unlawful discrimination.

58. As a result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

59. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT III: VIOLATION OF ADA
### (Retaliation)

60. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

61. Plaintiff suffered from a disability as that term is defined under the ADA.

62. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

63. Defendant is an employer as that term is defined under the ADA.

64. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against her and requesting an accommodation by *inter alia*, by terminating the Plaintiff.

65. As a result of Defendant's violation, Plaintiff has suffered damages.

66. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

67. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

68. Plaintiff suffered from a disability as that term is defined under the FCRA.

69. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

70. Defendant is an employer as that term is defined under the FCRA.

71. Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against her and requesting an accommodation by *inter alia*, by terminating the Plaintiff.

72. As a result of Defendant's violation, Plaintiff has suffered damages.

73. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

                                          Respectfully submitted this 20th day of October, 2021

                                          By:   /s/ *Michelle Cohen Levy*
                                          Michelle Cohen Levy, FBN 0068514
                                          The Law Office of Michelle Cohen Levy, P.A.
                                          4400 N. Federal Highway
                                          Lighthouse Point, Florida 33064
                                          P: (954) 651-9196
                                          Michelle@CohenLevyLegal.com
                                          Counsel for Plaintiff